IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH GRABOWSKI           Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 16-5472 |
| DIETZ & WATSON, INC.           Defendant. | : | |

MEMORANDUM

Jones, II    J.                                                                                                September 27, 2017

## I.    Introduction

Plaintiff Joseph Grabowski brings the above-captioned action against his previous employer, Defendant Dietz & Watson, Inc., alleging the corporation's failure to pay Plaintiff overtime wages at an increased rate of pay, in violation of the Fair Labor Standards Act, 29 U.S.C. § 209, *et seq.* ("FLSA") (Count I), the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.* ("PWMA") (Count III), and the Pennsylvania Wage Payment Collection Law, 43 P.S. § 260.1, *et seq.* ("WPCL") (Count IV).[1]  Currently before the court is Defendant's Motion to Dismiss Count IV of Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons set forth below, Defendant's Motion shall be granted.

## II.    Background

From September 2009 through May 2016, Plaintiff was employed as a sales merchandizer by Defendant, a seller of deli meats and artisan cheeses. (Compl. ¶¶ 7, 10–11.) Plaintiff's primary work duties were to go to merchants of Defendant's products—grocery

---

[1] Plaintiff's Complaint does not contain "Count II" but instead, skips from Count I to Count III. (Compl. 6–7.)

stores—and ensure that the stores' employees had adequate knowledge of the products and that the stores were correctly showcasing and marketing those products. (Compl. ¶ 12.) Plaintiff contends his job did not include making sales and that he had little to no discretion regarding how to perform his duties. (Compl. ¶¶ 12, 14.) Rather, decisions regarding the showcasing and marketing of Defendant's products were laid out in a policy created by Defendant's Marketing Department and upper management. (Compl. ¶ 14.)

For approximately the last five years of Plaintiff's employment with Defendant, Plaintiff's work also included setting up trade shows. (Compl. ¶ 15.) The associated duties performed by Plaintiff with respect to those trade shows were transporting and loading equipment and products onto Defendant's vehicles; setting up booths at the trade shows; and, discussing storage and electrical arrangements with "individuals" at the trade shows. (Compl. ¶¶ 16.) As with his other duties, Plaintiff contends he had little to no discretion in how to perform his trade show-related duties and that decisions about the trade shows were made by Defendant's Vice President, Marketing Department, and other upper management. (Compl. ¶ 17.)

During Plaintiff's employment, Plaintiff received a "salary of $52,000 per year, regardless of how many hours he worked," and alleges that he often worked more than 50 hours per week, particularly during the last five years of his employment. (Compl. ¶¶ 19–20.) Plaintiff claims he was a "non-exempt" employee and was therefore entitled to receive "time-and-a-half" payment for all overtime. (Compl. ¶¶ 21–22.)

### III. Standard of Review

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled

to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted).  After the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. 544, 555 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556).  This standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id. Accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

## IV. Discussion

### A. Contractual Obligation Requirement of WPCL Claims

Simply stated, "The Wage Payment and Collection Law provides employees a statutory remedy to recover wages and other benefits that are contractually due to them." *Oberneder v. Link Computer Corp.*, 696 A.2d 148, 150 (Pa. 1997).

More specifically, the WPCL states in pertinent part:

> Every employer shall pay all wages, other than fringe benefits and wage supplements, due to his employes on regular paydays designated in advance by the employer. Overtime wages may be considered as wages earned and payable in the next succeeding pay period. All wages, other than fringe benefits and wage supplements, earned in any pay period shall be due and payable within the number of days after the expiration of said pay period as provided in a written contract of employment or, if not so specified, within the standard time lapse customary in the trade or within 15 days from the end of such pay period.

43 Pa.C.S.A. § 260.3(a).

The Third Circuit has long held that the "WPCL does not create a right to compensation. Rather, it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages. The contract between the parties governs in determining whether specific wages are earned." *Weldon v. Kraft, Inc.*, 896 F.2d 793, 801 (3d Cir. 1990); *see also De Asencio v. Tyson Food, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003) (same); *Calli v. ARC Maint., Inc.*, No. 5:14-cv-5292, 2016 U.S. Dist. LEXIS 6923, at *22 (E.D. Pa. Jan. 21, 2016) (same).

When no *written* contract obligates a defendant to pay the wages sought by a plaintiff, he or she "will have to establish the formation of an implied oral contract between [the defendant] and its employees." *De Asencio*, 342 F.3d at 309; *see also Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 954 (Pa. Super. Ct. 2010) ("We agree with the . . . Third Circuit's observation that [absent an express contract], an employee raising a WPCL claim would have to establish, at a minimum, an implied oral contract between the employee and employer."). "A promise to pay for services can only be implied, however, in circumstances under which the party rendering the services would be justified in entertaining a reasonable expectation of being compensated by the party receiving the benefit of those services." *Oxner v. Cliveden Nursing & Rehab. Ctr. Pa, L.P.*, 123 F. Supp. 3d 645, 649 (E.D. Pa. 2015) (citing *Martin v. Little, Brown & Co.*, 450 A.2d 984, 987 (Pa. Super. Ct. 1981)) (discussing what would be required to infer an implied contract in a WPCL claim).

Thus, a claim under the WPCL "does not provide for relief due under state or federal law," as opposed to wages due to an employee under a contract with an employer. *Lehman v. Legg Mason, Inc.*, 532 F. Supp. 2d 726, 734 (M.D. Pa. 2007) (dismissing a WPCL claim which relied on the FLSA and the PMWA as a source for the obligation of the defendant to pay wages, instead of a contract); *see also Scott v. Bimbo Bakeries, Inc.*, 2:10-cv-03154, 2012 U.S. Dist.

LEXIS 26106, at *16–18 (E.D. Pa. Feb. 29, 2012) (dismissing a WPCL claim for overtime wages in which the only basis for the obligation to pay those wages were FLSA and PMWA claims) (citing *Lehman*, 532 F. Supp. 2d at 734).

A plaintiff's failure to plead to the existence of *any* contract, express or implied, will render a WPCL claim unsuccessful. *See*, *e.g.*, *Lehman*, 532 F. Supp. 2d at 733–34; *Rosario v. First Student Mgmt., LLC*, 5:15-cv-06478, 2016 U.S. Dist. LEXIS 108172, at *26 (E.D. Pa. Aug. 16, 2016) ("[T]he mere existence of an employer-employee relationship is not sufficient to establish a contractual right to recovery under the WPCL.  The Third Circuit has clearly required plaintiffs lacking a formal written agreement to allege at the very least an implied oral contract."); *Mackereth v. Kooma, Inc.*, 2:14-cv-04824, 2015 U.S. Dist. LEXIS 63143, at *30 (E.D. Pa. May 14, 2015) (dismissing WPCL claim because "Plaintiffs do not allege the existence of a contractual right, either express or implied, to recover the wages they seek [including the overtime wages sought] pursuant to the WPCL."); *Drummond v. Herr Foods Inc.*, 2:13-cv-05991, 2014 U.S. Dist. LEXIS 2409, at *10–11 (E.D. Pa. Jan. 9, 2014) (granting a motion to dismiss because the plaintiff did not plead "any such contractual obligation [to pay overtime pay], either express or implied.").

However, when a plaintiff does plead the existence of a contract, the defendant's obligation to pay the *specific* wages sought by the plaintiff must flow from the governing contract. *See Arrington v. Willow Terrace & RC Operator, LLC,* 2:16-cv-02599, 2016 U.S. Dist. LEXIS 139669, at *8–9 (E.D. Pa. Oct. 7, 2016) ("Plaintiff fail[ed] to plead any facts demonstrating that Plaintiff was contractually entitled to *this* compensation.  Absent a specific allegation of a[n] [express or implied] contract between Plaintiff and Defendant whereby

5

Defendant was obligated to make *these* payments, Plaintiff's claim is insufficient.") (emphasis added).

When assessing WPCL allegations based upon an express contract, an interpretation of the terms of an express contract must reveal the contractual obligation, or the plaintiff will not be entitled to relief.  *See*, *e.g.*, *Calli*, 2016 U.S. Dist. LEXIS 6923, at *23 (dismissing a salaried employee's WPCL claim for overtime wages because the agreements did not specify those wages be paid); *Scott*, 2012 U.S. Dist. LEXIS 26106, at *15–17 (dismissing a WPCL upon determining that the contract did not obligate the defendants to make payment of the wages sought).

Likewise, the requirement that an implied contract carry with it a "reasonable expectation" for compensation commands that the oral agreement actually concern the wages sought in the action. *See*, *e.g.*, *Weldon*, 896 F.2d at 801 ("Nor do we believe that a reasonable trier of fact could infer from [the] statement[s] [offered as proof of an implied contract,] the existence of an implied contractual obligation."); *Oxner* 132 F. Supp. 3d at 649–50 (finding normal payments were implied by the services performed however, overtime wages were neither promised nor implied); *Miller v. Cerebain Biotech Corp.*, 2:16-cv-03943, 2016 U.S. Dist. LEXIS 154597, at * 15–16 (finding an implied contractual obligation for the sought wages based on an e-mail discussing the terms of a plaintiff's future employment, its compensation, the announcement of the plaintiff having been hired for the position, and the plaintiff's performance of the requested services).

### B. Count IV of Plaintiff's Complaint Fails to Sufficiently Plead a WPCL Claim

Count IV of Plaintiff's Complaint alleges in pertinent part that: "Plaintiff had an agreement with Defendant whereby Defendant agreed to compensate Plaintiff for all services he

performed during his employment"; "Plaintiff performed the agreed-upon services for Defendant"; and, "Defendant failed to properly compensate Plaintiff for the services rendered as specified by the Parties' employment agreement (included [sic] but not limited to paying Plaintiff for all hours worked after hours and on weekends)." (Compl. ¶¶ 41, 43.) Construing said Complaint in a light most favorable to Plaintiff, this Court finds his WPCL allegations to be insufficient.

### 1. Plaintiff Failed to Adequately Plead the Existence of an Express Contractual Obligation

Plaintiff's Complaint fails to indicate whether the employment "agreement" to which he refers was express or implied. "Federal Rule of Civil Procedure 8(a) permits a plaintiff to assert the existence of an express, written contract either by setting it forth verbatim in the complaint, or the plaintiff may attach a copy as an exhibit, or plead it according to its legal effect." *Rivera v. Dealer Funding, LLC*, 178 F. Supp. 3d 272, 275-276 (E.D. Pa. 2016) (internal quotation marks and citations omitted). Plaintiff has not satisfied any of these alternatives. Instead, he simply states that the agreement existed and that Defendant failed to "properly compensate Plaintiff for the services rendered as specified by" that agreement. (Compl. ¶¶ 40–44.) Plaintiff fails to allege any obligation created by this "agreement." Although he concedes Defendant paid him a salary for the entirety of his employment, Plaintiff claims Defendant should have *also* paid him additional wages for the extra hours he worked. (Compl. ¶ 19.) This—without more—is insufficient. *See Calli*, 2016 U.S. Dist. LEXIS 6923, at *23 (salaried employee's WPCL claim was dismissed because the agreement "ma[de] no mention of overtime wages and therefore [did] not evidence a contractual agreement to pay overtime wages.").

### 2. Plaintiff Failed to Adequately Plead the Existence of an Implied Contractual Obligation

Assuming in the alternative that the "agreement" referred to in the Complaint was intended to be interpreted as an implied contract, Plaintiff's WPCL claim remains deficient because it is devoid of any facts from which this Court can construe the existence of any promise by Defendant to pay overtime wages at an increased rate of pay. In *Oxner*, an employee who was required to work additional hours at home, sought payment for those hours at an increased rate. 132 F. Supp. 3d at 647–48. The court, while allowing her to be paid at her regular rate, dismissed her claim for overtime wages, holding as follows:

> Oxner alleges defendants [required her] to work this extra time, but nowhere in the amended complaint does Oxner contend that Defendants promised to or implied that they would compensate her at a higher rate of pay for this extra work. Rather, Oxner merely claims that she was entitled to overtime pay for her hours worked over forty. This claim is a legal conclusion couched as a fact and the Court need not give it credence.

*Id.* at 650 (internal quotations marks omitted) (citations omitted).

In the matter before this Court, nothing Defendant is alleged to have done, said, agreed to, or promised would have "justified [Plaintiff] in entertaining a reasonable expectation of being compensated" in the form of increased overtime wages. Accordingly, Plaintiff has failed to sufficiently plead a WPCL claim on the basis of an implied contractual obligation.

### C. Amendment

Amendments to a Complaint may be made as a matter of course, but only if the amendment occurs within: "21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1).

Inasmuch as the conditions for amendment as a matter of course are absent here, amendment is only be permitted by leave of court or with the written consent of the opposing party. FED. R. CIV. P. 15(a)(2). Leave must be freely granted "when justice so requires." *Id.* However, leave may be denied where undue delay, bad faith, dilatory motive, prejudice, or futility are present. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). In examining futility, the legal standards of Rule 12(b)(6) must be applied. *Id.*

While Plaintiff's current Complaint does not sufficiently plead the existence of a contractual obligation on the part of Defendant to pay Plaintiff overtime wages at an increased rate of pay, this Court cannot conclude that any attempt to amend said Complaint would be futile and shall therefore grant Plaintiff leave to amend.[2]

---

[2] In the event Plaintiff elects to take advantage of this Court's granting of leave to amend, said amendment must point to a contractual obligation to pay overtime wages. In his current Complaint, Plaintiff's first mention of entitlement to overtime pay at an increased rate states that the issue will be "discussed supra." (Compl. ¶ 21.) However, the only other reference to overtime pay is contained in his allegations of "non-exempt" employee entitlement under the FLSA and PMWA. (Compl. ¶¶ 26–27, 35–36.) As previously discussed, entitlement to wages under federal and state law is insufficient to maintain a claim under the WPCL. While this Court does not comment on the validity of Plaintiff's FLSA and PMWA claims, Plaintiff's potential future success in recovering under those laws will not entitle him to relief under the WPCL. Plaintiff must instead show either an express or implied contract which obliges Defendant to pay him the overtime wages sought.

## V.     CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss shall be granted and Plaintiff shall be granted leave to amend Count IV of his Complaint.[3]

An appropriate Order follows.

BY THE COURT:

 /s/  C. Darnell Jones, II      J.

---

[3] In the event Plaintiff elects to amend Count IV, he shall also correct the numbering of all Counts contained within the Amended Complaint.